Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered November 24, 2008, dismissing the complaint upon defendant’s motion to set aside the jury verdict, unanimously affirmed, without costs.
In October 1992, funds belonging to plaintiffs, or certain of them, and the late Antonio Laurentino Turbel were transferred from their account with defendant in New York to an account in the name of Jorge Gerrona at Banco Hispanoamericano in New York. The transfer occurred after defendant received an electronic communication from Banco Supervielle Société Générale (BSSG), an Argentinean bank affiliated with defend *486 ant, instructing that the funds be so transferred. Plaintiffs allege that the transfer was unauthorized in that Turbel actually had instructed the funds to be transferred to an account of his at Banco Basel.
The court correctly found that defendant is not liable to plaintiffs for the transfer of the funds because BSSG was acting not as defendant’s agent but as plaintiffs’ agent when it sent the erroneous transfer instructions to defendant. The trial testimony established that plaintiffs were longstanding clients of BSSG and that they selected BSSG to assist them in identifying a foreign bank in which to place their funds. By carrying out plaintiffs’ instructions, BSSG was acting as plaintiffs’ agent. Contrary to plaintiffs’ contention, UCC 4A-202 (a) does not support the imposition of liability on defendant. To the contrary, this statute provides that “[a] payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency.” Concur—Gonzalez, BJ., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.